NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER BARKOURAS, individually and on behalf of all others similarly situated, | : : : |
| Plaintiff, | : : |
| v. | : : |
| LAURENCE A. HECKER, | : : |
| and | : : |
| VCOLLECT GLOBAL, INC. Defendants. | : : : |

Civ. No. 06-0366 (AET)

**Opinion and Order**

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on Plaintiff Peter Barkouras's motion for class certification pursuant to Fed. R. Civ. P. 23. This motion was decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion for class certification is granted.

### BACKGROUND

Plaintiff brings this action for money damages and declaratory relief against Defendants for their alleged failure to obey the Fair Debt Collection Practices Act ("FDCPA") in mailing collection letters. Defendant Hecker is a lawyer, practicing in New Jersey. He regularly collects debts via letters and the telephone, and often performs this service at the behest of Defendant vCollect Global Inc. ("vCollect"). vCollect acquires debts that are in default and then attempts to

collect them, also via letters and the telephone.

Defendants mailed Plaintiff two letters in an attempt to collect on a debt.  (See Pl.'s Mot. for Class Certification Ex. C ("the Demand Letters").)  For the purposes of this motion it is sufficient to note that Plaintiff alleges the Demand Letters violate several aspects of the FDCPA and Defendants admit to sending virtually identical form letters to thousands of people similarly situated to Plaintiff.  Plaintiff, therefore, requests this Court certify a class of those individuals who received the allegedly non-FDCPA-conforming Demand Letters from Defendants.

DISCUSSION

A.      Standard for Class Certification

A party moving for class certification must establish four criteria: (1) numerosity-the class is so numerous that joinder of all members is impractical; (2) commonality- the class shares common issues of law or fact; (3) typicality- the claims or defenses of the named plaintiff are typical of the claims or defenses of the class; and (4) adequacy of representation- the plaintiff's attorneys are qualified and competent to conduct the litigation and the plaintiff and the class's interests are aligned.  See Fed. R. Civ. P. 23(a); Jordan v. Commonwealth Fin. Sys., Inc., 237 F.R.D. 132, 136 (E.D. Pa. 2006).  A movant must, also establish the action falls within one of the three categories enumerated in Fed. R. Civ. P. 23(b); the category most germane this action being that the class action disposition is "superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  Defendants have conceded that most of the criteria for class certification are established, therefore the Court will conduct an in-depth analysis for only those disputed issues.

1.      Numerosity

Defendants admit to sending approximately 15,000 communications to New Jersey debtors "containing demands or representations which are identical or similar to the demand or representations" sent to Plaintiff, and therefore "concede numerosity."  (Defs.' Reply to Facts Asserted in Pl.'s Mot. for Class Cert. ("D.s' Reply SOF") ¶ 15.)  Due to the large number of recipients of the Demand Letter, joinder of all members of the proposed class would clearly be impracticable.  See, e.g., Wisneski v. Nationwide Collections, Inc., 227 F.R.D. 259, 260 (E.D. Pa. 2004) (finding numerosity was satisfied when defendant mailed collection letter to thousands of individuals).

    2.    Commonality

As noted by several courts, the "threshold of commonality is not high," or "overbearing." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154 (3d Cir. 2001) (commonality not a "high" "threshold"); Bonett v. Ed. Debt Serv. Inc., No. 01-6528, 2003 WL 21658267, at *1 (E.D. Pa. May 9, 2003) (not "overbearing").  All Plaintiff need show is that at "least one common question of fact or law" exists among the putative class.  Stewart v. Abraham, 275 F.3d 220, 227 (3d Cir. 2001).  Courts within this Circuit have often held that mailing of standardized debt collection letters will satisfy the commonality requirement of issues of fact or law.  See, e.g. Wisneski, 227 F.R.D. at 260; Orloff v. Syndicated Office Sys., Inc., 2004 WL 870691, at *3 (E.D. Pa. Apr. 22, 2004).  Such is the case here, where Plaintiff argues that the letters sent by Defendants to Plaintiff and thousands others was unfair, deceptive, and violated the FDCPA.  The legality of Defendants' Demand Letters is therefore an issue common to Plaintiff and all putative class members.  Id.

    3.    Typicality

-3-

Typicality is satisfied upon a showing that Plaintiff's legal claims, defenses or circumstances are not "markedly different" from the claims of other class members.  Eisenberg v. Gagnon, 766 F.2d 700, 786 (3d Cir. 1985).  Plaintiff's allegation that Defendants violated the FDCPA is a legal claim which would be asserted by all those of the putative class who, as Defendants concede, received the virtually identical letter as Plaintiff received.  Therefore, because Plaintiff's legal claim would be the same as the class's, and the factual underpinnings are the same, the typicality criteria is satisfied.  See Jordan, 237 F.R.D. at 139 (stating where the "theory of liability" was based on the content of debt collection letters, "regardless of whatever minor factual dissimilarities might exist between plaintiff's claims and those of other class members . . . regardless of the varying circumstances" prompting defendant to send the letters, "plaintiff's FDCPA claims clearly remain typical" of the class).

    4.    Adequacy of Representation

Adequate representation requires that (1) Plaintiff's attorney be "qualified, experienced, and generally able to conduct the proposed litigation"; and (2) Plaintiff's interests are not antagonistic to the interests of the class.  Weiss v. York Hops., 745 F.2d 786, 811 (3d Cir. 1984). Because the "burden is on the defendant to demonstrate that the representation will be inadequate" and Defendant has not attempted to make any showing at all as to this issue, the Court deems that adequacy is satisfied.  Piper v. Portnoff Law Assocs., 215 F.R.D. 495 (E.D. Pa. 2003) (finding adequacy of representation is met because "defendants do not challenge the qualifications or ability of counsel to adequately represent the proposed class").

    5.    Superiority of the Class Action Method

To sue as a class, the movant must demonstrate that the class action disposition is

-4-

superior over all other means of adjudicating the dispute.  Fed. R. Civ. P. 23(b)(3).  Under the

FDCPA, a plaintiff's recovery may be dramatically altered depending on whether he sues as a

member of a class or in an individual capacity.  An individual suing under the FDCPA may

recover "damages as the court may allow, but not exceeding $1000" whereas the recovery of a

class action may not "exceed the lesser of $500,000 or 1 per centum of the net [worth of the

Defendant]."  15 U.S.C. § 1692k(a)(2).  A large class suing a defendant with a low net worth

may receive a minute recovery, whereas, if the suit proceeded on an individual basis the "first-

come" plaintiffs could each receive $1,000, until the feeding frenzy ended in the insolvency of

the defendant leaving later plaintiffs no recovery at all.

      Plaintiff and Defendants spend much of their briefs disputing Defendants' net worth.

Defendants allege vCollect's net worth is negative, and that Hecker's is nominal.  To prove this

they submit various disjointed documents, several stating that the methods used to assess net

worth fail to comport with General Accepted Accounting Principles ("GAAP").  (See Pl.'s Mot.

for Class Certification Ex. D (stating "[m]anagement has elected to omit substantially all of the

disclosures . . . required by [GAAP]").)  Defendants attack the superiority of a class action based

on their low net worth.  First, Defendants argue certification of a class action would cause

notified putative class members to opt out and sue individually in an effort to increase their

individual awards.  (See Defs.' Op. at 4 (stating "the very purpose of the class action [here]

would be to inform its putative members to opt out.").)  Essentially, Defendants ask this Court to

prevent class certification so that putative members do not discover their potential claim against

Defendants.  This is not a valid reason to argue the inferiority of class certification.  See, e.g.,

Newman v. CheckRite California, Inc., No. 93-1557, 1996 WL 1118092, at *9 (E.D. Cal.1996)

(stating "because  individual consumers are most likely unaware of their rights under the FDCPA" the class action form is superior as "certifications to enforce compliance with consumer protection laws [is] 'desirable and should be encouraged'") (citations omitted).

Defendants also argue that this Court should not certify a class because their net worth is negative, thereby assuring no chance of recovery for the class members who may only receive up to one per centum of Defendants' net worth.  However, Defendants' argument that class members would receive only a de minimis recovery fails to show why a class would be inferior to individual suits, because if Defendants' net worth is truly negative no Plaintiff could recover against them, either as a class or individually.

Arguing their poor financial standing renders a class action inferior, Defendants attempt to use their net worth as a sword and a shield: a sword to pierce Plaintiff's attempt to certify a class, and a shield from individual suits that offer very limited or no recovery at all.  Congress intended the damages provision of 15 U.S.C. § 1692k(a)(2), limiting class action damages to one per centum of net worth, as a protection for small businesses from falling into bankruptcy for FDCPA violations.  See, e.g., Sanders v. Jackson, 209 F.3d 998, 1000-01 (7th Cir. 2000) (stating "the primary purpose of the net worth provision [in the FDCPA] is [to] ensure that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages").  However, it surely was not intended to as a loophole for defendants to avoid suits altogether.

If the Court does not certify a class here, several possibilities could result.  First, there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations.  This is exactly the kind of result Congress intended to avoid through the creation of the class action form.  Amchem

<u>Prods., Inc. v. Windsor</u>, 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").  A second potential outcome is that several individual suits would proceed.  These "first-come" plaintiffs, assuming they were successful, would continue filings claims until Defendants were rendered insolvent, being subject to numerous adverse judgments of $1000 and attorneys' fees.  15 U.S.C. § 1692k(a)(3) (awarding "the costs of the action, together with a reasonable attorney's fee").[1]  Since Defendants claim to be teetering on insolvency, it would not take numerous adverse judgments against them to result in bankruptcy.  This also would be an unsatisfactory result, out-of-step with the Congress's FDCPA limitation of class action recovery pegged to net worth so as to avoid companies becoming insolvent.  <u>See, e.g.</u>, <u>Sanders</u>, 209 F.3d at 1000-01.

As the Court is forced to select from outcomes ranging from no suits being brought at all, to first-come Plaintiffs rendering Defendants bankrupt, or a class action proceeding whereby its members may receive nominal damages, the Court finds that the class action disposition is superior to all other forms of adjudicating this dispute. <u>See, e.g.</u>, <u>Jordan</u>, 237 F.R.D. at 139-140; <u>Wisneski</u>, 227 F.R.D. at 261.

<u>6.</u>     <u>The Actual Net Worth of Defendants</u>

Because the proofs used by Defendants to establish net worth admit on their face that they fail to conform with GAAP, the Court will defer any determination of the Defendants' actual net worth pending greater discovery post certification.

---

[1] The cost of paying attorneys' fees from several individual suits would surely be greater than potentially paying the attorneys' fees of one class action suit, also increasing the chance that Defendants would go bankrupt from individual suits as opposed to a class action.

<u>CONCLUSION</u>

For the reasons given above, and for good cause shown,

It is on this 8th day of December 2006,

**ORDERED** that Plaintiff's motion for Class Certification is **granted,** and it is further

**ORDERED** this action is certified as a Class Action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

**ORDERED** Plaintiff Peter Barkouras shall serve as class representative and represent the following class:

**ORDERED** all persons to whom Defendants sent the January 29, 2005 and May 11, 2005 letters, or substantial equivalents, in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service, starting on the two year period prior to the filing of the instant action and through the date of resolution of this case.

**ORDERED** the law firm of Curtin & Heefer, LLC shall serve as counsel for the Class.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

-8-