UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PETER BARKOURAS,** | : | Civil Action No.: 06-366(AET) |
| Plaintiff, | : | |
| v. | : | |
| | : | MEMORANDUM |
| **LAURENCE A. HECKER, and** | : | OPINION |
| **VCOLLECT GLOBAL, INC.,** | : | |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

This matter having previously come before the Court upon Motion by Plaintiff Peter Barkouras, individually and on behalf of all others similarly situated, ("Plaintiff") for sanctions pursuant to Federal Rules of Civil Procedure 16(f) & 37(d) against Defendants vCollect Global ("vCollect") and Laurence A. Hecker ("Hecker") (collectively "Defendants") for failure to provide a current audit by June 16, 2006 to determine vCollect's net worth. On May 16, 2006 the Court entered a Pretrial Scheduling Order requiring Defendants produce a current audit no later than June 16, 2006. When Defendants failed to provide that audit Plaintiff filed a motion for sanctions. The Court, on March 12, 2007, entered an opinion and order denying Plaintiff's request for equitable relief and granting Plaintiff's request for fees. The award was limited to fees spent by Plaintiff in discovering an accurate net worth of vCollect after Defendants failed to produce accurate information. Accordingly, Plaintiff has submitted a Supplemental Motion for fees in the amount of $12,859.00 pursuant to Fed. R. Civ. P. 16(f) and 37(d). Defendants have submitted certain objections to the reasonableness of the fees. For the reasons stated below, the

Court will award Plaintiff $11,011 for attorneys fees and costs associated with the failure to produce discovery concerning net worth.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

This case arises from Defendants allegedly violating the Fair Debt Collection Practices Act ("FDCPA") in mailing collection letters and acting "in a false, deceptive, or misleading and unfair manner" to Plaintiff. (See Dkt. no. 06-366, entry no. 1, 18). On May 16, 2006 a Pre Trial Scheduling Order required Defendants to produce a current audit no later than June 16, 2006. (Dkt. no. 06-366, entry no. 9). Defendants failed to comply. Plaintiff filed a motion for sanctions December 18, 2006. (See Dkt. no. 06-366, entry no. 15). On March 12, 2007 this Court denied Plaintiff's request to estop Defendants' claim that vCollect has a negative net worth because of the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984),[1] and the holding in Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-5 (3d Cir. 1977),[2] weighed against the estoppel order. (Dkt. no. 06-366, entry no. 18).

---

[1] The Third Circuit, in Poulis, provided six criteria for analyzing whether the sanction of dismissal of a party's claim for failure to comply with a discovery order is justified: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) A history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.

[2] In Meyers, the Third Circuit held that the District Court abused its discretion in excluding two of Plaintiff's witnesses from sharing testimony since less drastic sanctions could have been imposed on Plaintiff for failing to list the two witnesses on the pretrial memorandum. 559 F.2d at 905.

In addition, Plaintiff submitted an "Affidavit of Attorneys fees," Exhibit 1. However, the affidavit included work not narrowly tailored to the fees incurred by Plaintiff in its discovery efforts to determine the net worth of vCollect. The Court ordered Plaintiff to submit a revised fee petition detailing fees incurred and how they directly related to the discovery work Plaintiff conducted after Defendants failed to produce an audited balance sheet by April 12, 2006. (Dkt. no. 06-366, entry no. 19). Defendants were permitted to respond within 30 days of the date of the revised fee petition. On April 2, 2007, Plaintiff filed a Supplemental Motion for Sanctions setting forth the affidavit of attorneys fees detailing the time, dates, and specific attorney who rendered the specified the services, along with the billing rate charged. (Dkt. no. 06-366, entry no. 20). Subsequently on April 16, 2007, Defendants filed a Brief in Opposition to Plaintiff's Supplemental Motion for Sanctions. (See Defs.' Opp. Br.).

A.   **Plaintiff's Memorandum of Services**

Plaintiff has submitted a Supplemental Motion for Sanctions requesting $12,859.00. Plaintiff maintains that the relief requested reflects "the amount expended in seeking discovery regarding [vCollect's] net worth" (Pl.'s Supp. Mot. at 2). The Affidavit of Attorneys Fees certifies the hourly billing rate of attorneys Bonnie S. Stein ("BSS"), Robert A. Badman ("RAB"), Robert G. LaBar ("RGL"), and Matthew J. Bass ("MJB") at $350, $330, $300, and $280, respectively. Id. The total relief requested reflects 47.1 hours of labor, $7755 billed from RAB (at $330), $4984 billed from MJB (at $280), and $120 billed from RGL (at $300). Id. Some entries are "adjusted to account for the fact that the time incurred for those services included time for discovery of net worth and other matters that were handled simultaneously." Id. at ¶ 8. Plaintiff further adjusted fees requested for Defendants' sanctioned conduct to reflect

the time spent on vCollect by reducing the billable rate by half for time Plaintiff spent directed to both Defendants.

In addition, Plaintiff submits an affidavit of Frank S. Guarrieri, managing partner at Curtin & Heefner, LLP, a firm with "experience representing plaintiffs under the Fair Debt Collection Practices Act." (Guarrieri Aff. at ¶ 2). Mr. Guarrieri certifies he is personally "knowledgeable about the prevailing market rates" for legal services associated with FDCPA litigation and affirms "the firm rates[,] as submitted[,] are within the prevailing market rates in [this] community." Id. at ¶¶ 3, 5.

    B.    <u>**Defendants' Objections to Plaintiff's Memorandum of Services**</u>

Defendants Laurence A. Hecker ("Hecker") and vCollect Global, Inc. ("vCollect") (collectively "Defendants") submitted objections to Plaintiff's Supplemental Motion for Sanctions. Defendants contend that "Plaintiff seeks recovery of . . . fees incurred as a result of the sanctioned conduct [and] also the fees incurred in the course of class discovery." (Defs.' Opp. Br. at 2). Specifically, Defendants object as follows:

| | | |
|---|---|---|
| 1. | $ 7,300.00 + | Defendants contend Plaintiff's counsel lists expenses relating to class discovery that are not causally connected to the sanctioned conduct. Specifically, affidavits, legal analysis of net worth information, analysis of discovery responses, preparing for and conducting the deposition of vCollect's 30(b)(6) representative, and conversations with opposing counsel on discovery and settlement issues "[account] for more than $7,300.00." Id. at 4-5. |

      2. $ 4,851.00      Defendants claim Plaintiff's 17.2 hours for preparing, drafting and revising the Motion for Sanctions and the supporting Memorandum of Law are "not reasonable in light of the work performed and the experience of counsel (based on . . . rates of $330 per hour for [RAB] and $280 per hour for [MJB]." Id. at 8-9 & 8 n.2.  Additionally, Defendants raise the argument that since the Motion and the Memoranda of Law were only partially successful, full award of the time spent should not be granted. Id. at 2-3.

In summary, Defendants claim that the award of fees requested is not reasonable, particularly since the required causal link between the fees and the failure to comply is not shown. (See Defs.' Opp. Br. at 6-8). Defendants argue that Plaintiff's burden of showing that the fees were incurred as a result of the specific sanctioned conduct of vCollect was not met, and Plaintiff failed to show that the hourly rates of counsel are reasonable. Id. at 8-9.

## II.    DISCUSSION

This fee petition results from a Court ordered Rule 37 sanction for Defendants' failure to produce discovery. (See Dkt. no. 06-366, entry no. 19). Pursuant to Local Civil Rule 54.2(a) "an attorney seeking compensation for services or reimbursement of necessary expenses shall file with the Court an affidavit . . . setting forth the following: (1) the nature of the services rendered . . . the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of services rendered; (2) a record of the dates of services rendered; (3) a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience; (4) the time spent in the rendering of each of

such services; and (5) the normal billing rate for each of said persons for the type of work performed."  L. Civ. R. 54.2(a) (2007).

The party seeking attorneys fees has the burden of establishing the reasonableness of the fees by "submit[ting] evidence supporting the hours worked and the rates claimed."  Apple Corps. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 485 (D.N.J. 1998) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (U.S. 1983)).  The party seeking attorneys fees therefore, "'must produce satisfactory evidence–in addition to [their] own affidavits–that the requested rates are in line with those prevailing in the community.'"  Apple Corps., 25 F. Supp. 2d at 485 (citation omitted).

After the original burden is met, the burden shifts to the party opposing the fee petition to dispute the reasonableness of the hourly rate requested or the reasonableness of the hours expended "'by affidavit or brief with sufficient specificity to give fee applicants notice'" of the objections.  Id.

### A.     Reasonable Rate Pursuant to Lodestar

The appropriate calculation of a reasonable request for a FED. R. CIV. P. 37 sanction is the 'lodestar' amount, or  "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley, 461 U.S. at 433; see also Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001).  The reasonable hourly rate "is calculated according to the prevailing market rates in the relevant community."[3]  Pub. Interest Research Group, 51 F.3d

---

[3] Here, the relevant community is Trenton, New Jersey.  Although Plaintiff's lawyers are based in Morrisville, Pennsylvania, the case was filed in the District of New Jersey in the Trenton vicinage.

1179, 1185 ("In general, a reasonable fee is one which is adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys."), rev'd on other grounds, 42 ERC 1117 (D.N.J. 1995); see also Mo. v. Jenkins, 491 U.S. 274, 285 (U.S. 1989) (noting that "we have consistently looked to the marketplace as our guide to what is 'reasonable'").

**B.     Adjustments**

Once the lodestar amount has been calculated, the Court next considers whether the time charged is reasonable, excluding "hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434; Maldonado, 256 F.3d at 184. The Court has discretion to adjust the fee up or down, based on a variety of factors. Tenafly Eruv Ass'n v. Borough of Tenafly, 195 Fed. Appx. 93, 96 (3d Cir. 2006). The discretionary adjustment factors include, but are not limited to: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Hensley, 461 U.S. at 429-30 n.3; Pub. Interest Research Group, 51 F.3d at 1185 n.8. A reasonable market rate accounts for the varying skill and experience of attorneys. Blum v. Stenson, 465 U.S. 886, 895-6 n.11 (U.S. 1984). A reasonable rate for an established, experienced attorney is likely to be greater than that for newer attorneys in the same market.

If the party opposing the fee petition meets its "burden of proving that an adjustment is necessary," Rode, 892 F.2d at 1183, this Court has wide discretion to adjust the attorneys fee for a variety of reasons. See Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983) (citations omitted). If, however, the party opposing the requested fee award does not meet this burden, the Court "must award attorney's fees at the requested rate." Apple Corps, 25 F. Supp. 2d at 485 (citation omitted).

### III.   ANALYSIS

#### A.   Hourly Rate

The burden of establishing the reasonableness of the fees requested was met by the requesting party, Plaintiff in this case. Here, the burden is satisfied with both (1) the affidavit of attorneys fees fulfilling L. Civ. R. 54.2(a) requirements, and (2) with the Guarrieri affidavit affirming the community market rate for FDCPA litigation. Furthermore, the opposing party, Defendants, did not offer sufficient proof to justify an adjustment to Plaintiff's hourly rate. Defendants did not provide an affidavit of outside counsel stating that the billing rate charged was "unreasonable." Defendants simply provided an example of a fee petition provided by another attorney charging billable hourly rate of $295 per hour, $35 per hour less than the requested amount. The differing rates billed are easily explained by the level of experience the attorney in each case possessed. The attorney representing Plaintiff class offers seven years of experience beyond that of the attorney with a $295 billing rate offered by Defendants as a sample. See Greenberg Minasian, L.L.C., http://www.gmattorneys.com/attorney_profiles_1.htm (Last visited Jun. 14, 2007) (Mr. Lamisian, attorney in sample provided by Defendants, was admitted to the New Jersey bar in 1994); see also Curtin & Heefner Attorney Profiles,

http://www.curtinheefner.com/RAB.htm (last visited Jun. 14, 2007) (Mr. Robert Badman, attorney representing Plaintiff Barkouras, was admitted to the New Jersey bar in 1988).  Here, the burden to show the rate was reasonable was met by Plaintiff, and Defendants failed to successfully refute the reasonableness of the rate requested.

  **B.**  **Number of Hours**

  The time reported by Plaintiff to be spent on services performed is largely reasonable.  The Court rejected Plaintiff's first petition as too broad and ordered Plaintiff to submit a second fee petition more narrowly tailored.  Plaintiff adjusted the fee amount from $18,000 to $12,000 from the first motion to this present supplemental motion.  (See Dkt. no. 06-366, entry no. 15, 20).  Also, the time reported by Plaintiff reflects an adjustment for the time spent working on "vCollect" as opposed to both Defendants collectively.  As such, Defendants' assertion that "Plaintiff's counsel fails to distinguish fees and costs incurred in the course of class discovery from the fees and costs incurred as a result of the sanctionable conduct of defendant vCollect Global, Inc." is incorrect.  (Defs.' Opp. Br. at 7).  Plaintiff made a good faith effort to account for and request only the attorneys fees to which Plaintiff is entitled as a result of vCollect's failure to comply with the ordered discovery.

  This Court does, however, deny Plaintiff's petition for $1,848 towards the preparation and conducting of the deposition of Larry Weil.  The Court finds that the deposition of Mr. Weil would have likely been pursued regardless of the discovery available regarding vCollect's audit.

  The Court will award Plaintiff the remaining $11,011 requested in Plaintiff's Supplemental Motion for Sanctions.  Although Defendants maintain that "Plaintiff would have engaged in most of the same telephone calls . . . analyzed the same net worth documents and

discovery provided by vCollect . . . [and] conducted the same analysis irrespective of whether or not vCollect provided an audited financial statement," they have not offered sufficient evidence to meet their burden of proof. (Defs.' Opp. Br. at 7). Instead, Defendants summarily claim Plaintiff is including unnecessary and repetitive fees without making specific objections to Plaintiff's itemized fee petition. Moreover, Defendants contend that 17.2 hours, $4,851 for the Motion for sanctions, is "unreasonable" and "[believe] that a reasonable rate for the motion is approximately $2000." (Defs.' Opp. Br. at 7-8). They do not, however, offer evidence that the reasonable market rate is less than half of that requested or affirmatively claim Plaintiff should have been able to complete the Motion for Sanctions in less than half the time. Id. Defendants' argument is unfounded, and this Court finds that Plaintiff's fee request is reasonable in the amount of $11,011.

### III.  CONCLUSION

After careful and critical review of Plaintiff's request and considering the level of success achieved by Plaintiff in this dispute, the Court finds that a sanction in the amount of $11,011 representing fees and costs associated with this particular dispute are fair and reasonable. An appropriate Order accompanies this Memorandum Opinion.

**Date: June 20, 2007**