NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER BARKOURAS, individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : LAURENCE A. HECKER, : : and : : VCOLLECT GLOBAL, INC. : : Defendants. : | Civ. No. 06-0366 (AET) **Memorandum and Order** |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on Defendants Laurence A. Hecker and vCollect Global, Inc.'s, Motion for Class Decertification [33]. This motion was decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motion is denied.

BACKGROUND

On October 26, 2006, Plaintiff filed a Motion for Class Certification as to Laurence A. Hecker and vCollect Global, Inc. On December 8, 2006, the Court granted certification of the class. On November 9, 2007, Defendants filed this Motion for Class Decertification, claiming that a change in circumstances renders class treatment inferior to individual treatment, as Plaintiff no longer meets the requirements of Federal Rule of Civil Procedure 23(a).

DISCUSSION

The party seeking to decertify a class action has the burden of showing "changed circumstances" that would warrant the decertification of the class action. Muise v. GPU, Inc., 371 N.J. Super. 13, 32 (App. Div. 2004). If, upon considering the record, "the court finds that the criteria for and goals of class certification are no longer being met, the motion for class decertification should be granted." Id. at 34.

Defendants argue that "as a result of the defalcation of funds and the bankruptcy of its parent corporation, Allserve Systems, Inc., vCollect was left with no recourse but to cease operations and close up shop." (Defs' Br. 3.) Defendants further assert that "maintaining a class claim against a defunct business, whose parent, Allserve Systems, Inc., is in Chapter 7 Bankruptcy, serves no purpose, and places an undue burden on the class representative as to the costs of class notification with respect to vCollect." (Id. at 4.) Therefore, Defendants maintain that the continuation of this class action "in view of the demise of vCollect" would be improper as it would provide no benefit to the class. (Id.)

Plaintiff concurs with Defendants that "the class should be decertified **if** it is proven that Defendant vCollect has ceased operations and has no assets with which to pay a class action judgment." (Pl.'s Br. 3)(emphasis in original). However, Plaintiff argues that there is no evidence to support the allegation that vCollect has ceased to operate.

The Court finds that the record lacks sufficient evidence to grant Defendants' Motion to Decertify the Class. In support of their motion, Defendants have submitted various letters and certifications that fail to meet their burden. Defendants have submitted a certification of Lawrence Weil, a consultant to vCollect Global, Inc., which claims that vCollect Global, Inc.,

"closed its offices, terminated its employees, and ceased operations." (Weil Cert., ¶ 10.) Defendants have also attached a letter from Richard Frantz, C.P.A., stating only "to the best of my knowledge vCollect has ceased operation and is out of business." (Defs' Mot. to Decertify, Ex. 5.) Defendants have also submitted a certification from Andrew Schwartz, counsel for Defendant Hecker. In the certification, Mr. Schwartz states that he had a conversation with Mr. Weil, during which Mr. Weil stated that vCollect Global, Inc. was out of business. (Schwartz Cert., ¶ 4.)

Defendants have made blind assertions without supporting evidence that vCollect Global, Inc. has ceased operations. No information is provided as to how Mr. Weil knew, or would have known the facts alleged in the certification, nor was any documentary evidence provided that would corroborate that the offices are closed, the employees are terminated, that operations have ceased, or that Allserve Systems, Inc., is in bankruptcy. Without more, Defendants have failed to meet their burden to decertify the class.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 18th day of December 2007,

ORDERED that Defendants' Motion for Class Decertification [33] is DENIED.

                                                        s/ Anne E. Thompson
                                                    ANNE E. THOMPSON, U.S.D.J.